ORIGINAL

FILED

08 JUL -9 PH 2: 40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ___ECV___          DEPUTY

1   Julie A. Vogelzang, State Bar No. 174411
    Lisa K. Widdecke, State Bar No. 213250
2   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    600 West Broadway, Suite 2600
3   San Diego, California 92101-3372
    Telephone No.: 619.236.1414
4   Fax No.: 619.232.8311
    Email: jvogelzang@luce.com
5   Email: lwiddecke@luce.com

6   Attorneys for Defendants COASTLINE FOOD SERVICES CORPORATION and
    FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED
7   APRIL 20, 1998

8

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12
    LARRY MCIVER,                          Case 08. CV 1226 BTM POR
13
           Plaintiff,
14                                         DEFENDANTS' NOTICE OF
    v.                                     REMOVAL OF ACTION UNDER 28
15                                         U.S.C. SECTION 1331 (FEDERAL
    COASTLINE FOOD SERVICES               QUESTION)
16  CORPORATION, a California
    Corporation; FRANCES BLOOM,
17  TRUSTEE BLOOM FAMILY
    TRUST U.D.T. DATED APRIL 20,           Complaint Filed:  May 21, 2008
18  1998, and DOES 1 THROUGH 100,
    inclusive,,
19
           Defendants.
20

21  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22  SOUTHERN DISTRICT OF CALIFORNIA:

23         PLEASE TAKE NOTICE that defendants Coastline Food Services Corporation

24  and Frances Bloom, Trustee Bloom Family Trust U.D.T. Dated April 20, 1998

25  ("Removing Defendants"), by and through their counsel, and pursuant to 28 U.S.C.

26  section 1441(a), hereby remove to this Court the state court action described below. In

27  support of this removal, Defendants state as follows:

28  / / /

CR

1.    On May 21, 2008, plaintiff Larry Mciver ("Plaintiff") filed this action in the Superior Court of California, San Diego County, entitled <u>LARRY MCIVER vs.</u> <u>COASTLINE FOOD SERVICES CORPORATION, a California Corporation;</u> <u>FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED APRIL</u> <u>20, 1998, and DOES 1 THROUGH 100, inclusive</u>, Case No. 37-2008-00054760-CU-CR-NC. The first date upon which Removing Defendants received a copy of said Complaint was June 9, 2008, when defendant Coastline Food Services was served with a copy of the Complaint and Summons. Defendant Frances Bloom, Trustee Bloom Family Trust U.D.T. Dated April 20, 1998, has not been served with a copy of the Complaint and Summons.

2.    The Complaint alleges that Defendants discriminatorily denied Plaintiff access to the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations at Defendants' place of business located at 1530 West Valley Parkway, Escondido, California in violation of federal and state law.

3.    The Complaint alleges claims against Defendants for violations of federal laws, including the Americans with Disabilities Act ("ADA"). The Complaint also alleges violations of the following state laws: the Unruh Civil Rights Act and the California Disabled Persons Act. The Complaint further alleges a cause of action for negligence. A true and correct copy of the Complaint is attached hereto as Exhibit "A."

4.    Defendants filed their Answer to the Complaint on July 8, 2008. A true and correct copy of that answer is attached hereto as Exhibit "B."

5.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. Removal of the action to this Court is proper pursuant to 28 U.S.C. §1441(b).

/ / /

/ / /

2

6. Pursuant to 28 U.S.C. §1446(a), Removing Defendants have attached a true and correct copy of all of the process, pleadings and orders from the state court action. This Notice of Removal is filed within thirty days after Defendant Coast Line Food Services received a copy of the Complaint, in compliance with 28 U.S.C. §1446(b).

**FEDERAL QUESTION JURISDICTION**

7. The Complaint attempts to state a count against Removing Defendants under the ADA. (See Complaint, ¶ 9, p. 5.) Federal courts have original jurisdiction over ADA claims under 28 U.S.C. §1331, and therefore the entire case is removable under 28 U.S.C §1441. See Jones v. Illinois Central Railroad Co., 859 F.Supp. 1144, 1145 (N.D.Ill. 1994) ("the existence of concurrent jurisdiction [over ADA claims] does not alter the fact that ADA actions are federal question cases.").

8. The Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367.

9. Removing Defendants are informed and believe, that no other defendants have been served in this action.

10. Removing Defendants are filing, on the date of this Notice, a Notice of Removal of Civil Action to Federal Court, with the San Diego Superior Court in Case No. 37-2008-00054760-CU-CR-NC. A true and correct copy of the Notice of Removal of Civil Action to Federal Court is attached hereto as Exhibit "C."

11. A true and correct copy of the Notice to Plaintiff of Removal of Action To Federal Court served on the Plaintiff in the state court action is attached hereto as Exhibit "D."

WHEREFORE, Removing Defendants request that the state court action now pending against it in the Superior Court of the State of California for the County of

/ / /

/ / /

/ / /

3

1 | San Diego be removed therefrom to this United States District Court for the Southern

2 | District of California.

3 | DATED: July 9, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

4

5 | By:_____

6 | Julie A. Vogelzang
    Lisa K. Widdecke

7 | Attorneys for Defendants COASTLINE FOOD
    SERVICES CORPORATION and FRANCES

8 | BLOOM TRUSTEE BLOOM FAMILY
    TRUST U.D.T. DATED APRIL 20, 1998

101100697.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. _____
NOTICE OF REMOVAL OF ACTION

**EXHIBIT A**

CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiff, LARRY MCIVER

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| LARRY MCIVER,<br><br>        Plaintiff,<br><br>v.<br><br>COASTLINE FOOD SERVICES CORPORATION, A California Corporation; FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U. D. T. DATED APRIL 20, 1998, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 37-2008-00054760-CU-CR-NC<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>**DEMAND FOR JURY** |

Plaintiff LARRY MCIVER complains of Defendants COASTLINE FOOD SERVICES CORPORATION, A California Corporation; FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U. D. T. DATED APRIL 20, 1998, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**PARTIES:**

    1. Plaintiff is a California resident with physical disabilities. He suffers from Muscular Dystrophy and is unable to stand or walk, necessitating the use of a wheelchair for mobility.

-1-

Complaint

2. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Restaurant located at 1530 W. Valley Parkway, Escondido, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

FACTUAL ALLEGATIONS:

4. The Plaintiff has dined at the Restaurant more than thirty times in calendar year 2007 and 2008, including most recently on April 22, 2008.

5. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

6. Unfortunately, the Restaurant presented barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there was a lack of an accessible entrance into the Restaurant, due to an inaccessible door handle and because there is insufficient clear space on the swing side of the door. For each visit, Plaintiff has had to have some one open the door for him so that he can enter. He has complained on numerous occasions to Defendants to no avail.

7. Naturally, Plaintiff MCIVER was frustrated, angry and/or vexed as a result of encountering unlawful conditions, violations of his civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the

-2-

Complaint

1  continued violation of the plaintiff's civil rights by these defendants and the highly

2  unpleasant emotional distress caused by such unlawful treatment is attributable to the

3  actions or inactions of the defendants and plaintiff seeks redress from these defendants

4  for such injury.

5      8. Plaintiff would like to return and patronize the Defendants' Restaurant but

6  because of plaintiff's knowledge of the existence of the inaccessible conditions and

7  policies, the plaintiff is unable to use the Restaurant on a "full and equal" basis until the

8  Restaurant is brought into compliance with the provisions of the Americans with

9  Disabilities Act Accessibility Guidelines and state accessibility law as pled herein.

10  Plaintiff has been and currently is being deterred from returning and patronizing the

11  Defendants' Restaurant.

12  **I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH
    DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42

13  U.S.C. section 12101, et seq.)

14      9.    The defendants are persons who either own, operate, lease or lease to a place

15  of public accommodation.  As such, the Defendants are required to (1) ensure that all

16  construction, alteration, or modification is barrier free and complies with the Americans

17  with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the

18  California Code of Regulations (aka "California Building Code"); and/or (2) remove all

19  existing barriers where such removal is "readily achievable."  The Defendants have

20  failed to meet these obligations.  The existence of readily achievably removed barriers

21  and barriers in violation of the ADAAG and/or California Building Code, including,

22  but not limited to, there was a lack of an accessible entrance into the Restaurant, due to

23  an inaccessible door handle and because there is insufficient clear space on the swing

24  side of the door, is unlawful and has resulted in the defendants' failure to provide full

25  and equal accommodations, advantages, facilities, privileges and/or services to the

26  plaintiff.

27  **II.    SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL
    RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

28

-3-

Complaint

10. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of an accessible entrance into the Restaurant, due to an inaccessible door handle and because there is insufficient clear space on the swing side of the door, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

11. The acts alleged above, which form the basis of the plaintiff's discrimination claim, are intentional acts.

III.  **THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

12. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of an accessible entrance into the Restaurant, due to an inaccessible door handle and because

-4-

Complaint

there is insufficient clear space on the swing side of the door, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

IV.    **FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

13. The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff in the running of their Restaurant. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the plaintiff will make an election at trial depending upon the evidence amassed.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: April 22, 2008              CENTER FOR DISABILITY ACCESS, LLP

By:_____
            MARK D. POTTER
            Attorneys for Plaintiff

-5-

Complaint

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:    April 22, 2008        CENTER FOR DISABILITY ACCESS, LLP

By:_____
MARK D. POTTER
Attorneys for Plaintiff

-6-

Complaint

1    Julie A. Vogelzang, State Bar No. 174411
Lisa K. Widdecke, State Bar No. 213250

2    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600

3    San Diego, California 92101-3372
Telephone No.: 619.236.1414

4    Fax No.: 619.232.8311

FILED
NORTH COUNTY DIVISION

2008 JUL -3 PM 2: 28

(1)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY CA

5

6    Attorneys for Defendants COASTLINE FOOD SERVICES CORPORATION and
FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED APRIL 20, 1998

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN DIEGO

10

| | |
|---|---|
| 11   LARRY MCIVER, | Case No. 37-2008-00054760-CU-CR-NC |
| 12       Plaintiff, | The Hon. Robert P. Dahlquist<br>Dept. N-29 |
| 13   v. | **ANSWER TO COMPLAINT** |
| 14   COASTLINE FOOD SERVICES<br>CORPORATION, a California Corporation;<br>15   FRANCES BLOOM, TRUSTEE BLOOM<br>FAMILY TRUST U.D.T. DATED APRIL 20,<br>16   1998, and DOES 1 THROUGH 100,<br>inclusive,, | Complaint Filed:     May 21, 2008<br>Trial Date:          None Set. |
| 17 | |
| 18       Defendants. | |

19

20       Defendants COASTLINE FOOD SERVICES CORPORATION and FRANCES BLOOM,

21   TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED APRIL 20, 1998 (collectively "answering

22   defendants") hereby answer plaintiff LARRY MCIVER's ("plaintiff") Complaint as follows:

23                          I.

24                 **GENERAL DENIAL**

25       Pursuant to California Code of Civil Procedure section 431.30, answering defendants deny

26   generally and specifically each, every, and all of the allegations of the Complaint alleged against

27   answering defendants, and the whole thereof. Answering defendants further deny that plaintiff has

28   sustained, or will sustain, any injury, damage, or loss by reason of any act, omission, breach, or

1   negligence, or any other conduct or the absence thereof, on the part of answering defendants, or any

2   agent, attorney, servant, or employee of answering defendants.

3   ## II.

4   ### WITHOUT WAIVING ANY OF THE FOREGOING, ANSWERING
    ### DEFENDANTS, FOR THEIR AFFIRMATIVE DEFENSES TO THE
5   ### COMPLAINT, ALLEGE AS FOLLOWS:

6   The following separate affirmative defenses are asserted to the Complaint, and to each

7   purported cause of action therein brought against answering defendants.   By pleading these

8   affirmative defenses, the answering defendants do not assume the burden of proving any fact, issue, or

9   element of a cause of action where such burden properly belongs to plaintiff.   Moreover, nothing

10  stated herein is intended or shall be construed as a concession that any particular issue or subject

11  matter is relevant to plaintiff's allegations.

12  ### FIRST AFFIRMATIVE DEFENSE

13  ### (Failure to State a Claim for Relief)

14  The Complaint, and each and every purported claim for relief therein, fails to state facts

15  sufficient to constitute a claim for relief against answering defendants.

16  ### SECOND AFFIRMATIVE DEFENSE

17  ### (Defendants' Full Performance)

18  Answering defendants are informed and believe, and thereon allege, that they have performed

19  and fully discharged any and all obligations and legal duties to plaintiff pertinent to the matters

20  alleged in the Complaint.

21  ### THIRD AFFIRMATIVE DEFENSE

22  ### (Waiver, Estoppel, Excuse and Mistake)

23  Answering defendants are informed and believe, and thereon allege, that some or all of

24  plaintiff's claims are barred under the principles of waiver, estoppel, excuse and/or mistake.

25  ### FOURTH AFFIRMATIVE DEFENSE

26  ### (Laches and Unreasonable Delay)

27  The Complaint, and each and every purported claim for relief therein, is barred under the

28  principles of laches and unreasonable delay.

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3    The Complaint, and each and every purported claim for relief therein, is barred as a result

4    of plaintiff's unclean hands.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (Failure to Mitigate)

7    Plaintiff, though under a duty to do so, has failed and neglected to mitigate his alleged

8    damages, and therefore, cannot recover against answering defendants, whether as alleged or

9    otherwise.

10

## SEVENTH AFFIRMATIVE DEFENSE

11

### (Statutes of Limitations)

12    The Complaint, and each and every purported claim for relief therein, is barred by the

13    applicable statutes of limitations, including but not limited to, those set forth in California Code of

14    Civil Procedure sections 335.1, 337.1, 337.15, 338, 340 and 343.

15

## EIGHTH AFFIRMATIVE DEFENSE

16

### (Privilege/Justification)

17    Some or all of the claims for damages in the Complaint are barred in that all decisions and

18    actions of answering defendants with respect to the subject matter of this lawsuit were undertaken in

19    good faith, in the absence of malicious intent, and constituted a lawful, proper, and justified means to

20    further legitimate economic interests.

21

## NINTH AFFIRMATIVE DEFENSE

22

### (Readily Achievable)

23    Some or all of the claims in the Complaint are barred in that the relief plaintiff requests is not

24    readily achievable.

25    / / /

26    / / /

27    / / /

28    / / /

## TENTH AFFIRMATIVE DEFENSE

### (Structurally Impracticable)

Some or all of the claims in the Complaint are barred in that the relief plaintiff requests would be structurally impracticable.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Undue Burden)

Some or all of plaintiff's claims are barred because the relief plaintiff requests is unreasonable, would impose an undue burden and/or fundamentally alter the Subject Property and/or the nature of the goods or services provided.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unconstitutional)

Some or all of plaintiff's claims are barred because they are predicated on unconstitutionally vague and/or overly broad interpretations of regulations or laws or, alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

Some or all of plaintiff's claims are barred by public policy and due process considerations because the Subject Property and the building constructed thereon was constructed relying in good faith upon the law, and applicable state regulations, pronouncements from federal and state agencies, and/or state and local approvals.  Granting some or all of the relief plaintiff requests would be inequitable and would violate public policy and due process under state and/or federal constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Some or all of the claims in the Complaint are moot in that answering defendants are and/or have been in compliance with the laws, statutes, and regulations governing treatment of individuals with a substantial physical and/or mental limitation.

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Standing)

Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Safety)

Some or all of the modifications proposed by plaintiff may jeopardize the health and/or safety of customers.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Justification)

Some or all of answering defendant's actions in this matter were taken in reliance upon the standards and guidelines of the ADA and/or state law and regulations and were reasonably prudent under the circumstances.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Proximate Cause)

No act or omission of answering defendants was the proximate cause of plaintiff's damages, if any. In the alternative, plaintiff's alleged damages, if any, were proximately caused by the conduct of plaintiff and/or persons or entities other than answering defendants. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of plaintiff and/or persons or entities other than answering defendants up to and including 100 percent. Answering defendants further allege that if plaintiff recovers, then pursuant to Civil Code sections 1431.2, et seq., they are not liable for any non-economic damages that are not directly proportional to answering defendants' percentage of fault.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Not Entitled to Attorneys' Fees or Punitive Damages)

The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle plaintiff to recover attorneys' fees and/or punitive damages against answering defendants.

/ / /

/ / /

1  ## TWENTIETH AFFIRMATIVE DEFENSE

2  ### (Vagueness, Uncertainty, Ambiguity)

3  The Complaint, and each and every purported claim for relief therein, is vague, uncertain and

4  ambiguous.

5  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

6  ### (Prospective Relief Only)

7  If any relief is granted to plaintiff, it should be granted prospectively only.

8  ## TWENTY-SECOND AFFIRMATIVE DEFENSE

9  ### (Consent)

10  Any recovery on plaintiff's Complaint, or any purported cause of action contained therein, is

11  barred because plaintiff consented to the alleged conduct.

12  ## TWENTY-THIRD AFFIRMATIVE DEFENSE

13  ### (Absence of Control)

14  Answering defendants are improper parties as to some or all causes of action stated in this

15  matter in that they do not have sufficient control concerning the actions of other parties in this matter.

16  ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

17  ### (Modification to Building)

18  Plaintiff's claims are barred in whole or in part because the Unruh Civil Rights Act does not

19  require construction, alteration or repair to new or existing establishments.

20  ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

21  ### (Existing Facility)

22  Plaintiff's claims are barred in whole or in part because the Subject Property was an existing

23  facility not subject to the applicable standards for newly constructed or altered facilities.

24  ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

25  ### (Assumption of Risk)

26  Plaintiff's claims are barred in whole or in part because Plaintiff assumed the risk that he could

27  be damaged when he entered onto the Subject Property.

28  / / /

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (No Knowledge of Alleged Violations)

3    Plaintiff's claims are barred in whole or in part to the extent that his claims are based on an

4   alleged act or omission by answering defendants that was made in good faith without knowledge of

5   any violation of law.

6

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (Adequate Remedy at Law)

8    To the extent that members of the general public that plaintiff purports to represent have

9   sustained any injury or damage, which is not conceded, any such injury or damage could be

10   adequately compensated in an action at law.  Accordingly, plaintiff is not entitled to seek or obtain

11   equitable relief.

12

## TWENTY-NINTH AFFIRMATIVE DEFENSE

13

### (Additional Affirmative Defenses)

14    Answering defendants currently have insufficient information upon which to form a belief as

15   to whether they may have additional, as yet unstated, affirmative defenses available.  Answering

16   defendants reserve the right to assert additional affirmative defenses in the event discovery indicates

17   they would be appropriate.

18    WHEREFORE, answering defendants pray for judgment as follows:

19    1.    That all relief requested in the Complaint be denied;

20    2.    That plaintiff take nothing by virtue of this action;

21    3.    For costs of suit and attorneys' fees incurred herein; and

22    4.    For such other and further relief as the Court may deem proper.

23   DATED:  July 8, 2008              LUCE, FORWARD, HAMILTON & SCRIPPS LLP

24

25                                    By: _____

26                                        Julie A. Vogelzang
                                         Lisa K. Widdecke

27                                       Attorneys for Defendants COASTLINE FOOD
                                         SERVICES CORPORATION and FRANCES

28                                       BLOOM, TRUSTEE BLOOM FAMILY TRUST
                                         U.D.T. DATED APRIL 20, 1998

7

ANSWER TO COMPLAINT



**PROOF OF SERVICE**

*Larry Mciver v. Coastline Food Services Corporation and Frances Bloom,*
*Trustee Bloom Family Trust U.D.T. Dated April 20, 1998*
Case No. 37-2008-00054760-CU-CR-NC

I, Sylvia Terry, declare as follows:  I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372.  I am over the age of eighteen years, and am not a party to this action.

On July 8, 2008, I served the following:

**ANSWER TO COMPLAINT**

on the interested parties in this action by:

__X__    **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for each address named on the attached service list for collection and mailing on the below indicated day following the ordinary business practices at Luce, Forward, Hamilton & Scripps LLP.  I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

_____    **FACSIMILE:** I sent a copy via facsimile transmission to the telefax number(s) indicated below.  The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine.  Pursuant to California Rules of Court, Rule 2006(d),

Mark D. Potter, Esq.                          Attorney for Plaintiff
Russell C. Handy, Esq.                        Larry Mciver
Center For Disability Access, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
Telephone: 760.480-4162
Facsimile: 760.480.4170

__X__    **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____    **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on July 8, 2008.

Sylvia Terry

101105141.1

1

BLUEBIRD*online.com (888) 47-0-700

**EXHIBIT C**

1 Julie A. Vogelzang, State Bar No. 174411
  Lisa K. Widdecke, State Bar No. 213250
2 LUCE, FORWARD, HAMILTON & SCRIPPS LLP
  600 West Broadway, Suite 2600
3 San Diego, California 92101-3372
  Telephone No.: 619.236.1414
4 Fax No.: 619.232.8311

5

6 Attorneys for Defendants COASTLINE FOOD SERVICES CORPORATION and FRANCES
  BLOOM, TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED APRIL 20, 1998
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF SAN DIEGO

10

11 LARRY MCIVER,                          | Case No. 37-2008-00054760-CU-CR-NC

12        Plaintiff,                      | The Hon. Robert P. Dahiquist
                                          | Dept. N-29
13 v.
                                          | **DEFENDANTS' NOTICE OF REMOVAL
14 COASTLINE FOOD SERVICES               | OF ACTION TO FEDERAL COURT**
   CORPORATION, a California Corporation;
15 FRANCES BLOOM, TRUSTEE BLOOM          | Complaint Filed:    May 21, 2008
   FAMILY TRUST U.D.T. DATED APRIL 20,   | Trial Date:         None Set.
16 1998, and DOES 1 THROUGH 100,
   inclusive,,
17
          Defendants.
18

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that on July 7, 2008, defendants Coastline Food Services

21 Corporation and Frances Bloom, Trustee Bloom Family Trust U.D.T. Dated April 20, 1998, hereafter

22 "defendants") filed in the United States District Court for the Southern District of California, their

23 Notice of Removal of Action, and that the attached copy of said Notice of Removal of Action is on

24 file with the above-captioned court.

25        PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. Section 1446, the filing of

26 said Notice of Removal of Action in the United States District Court for the Southern District of

27 California, together with the filing of the attached copy of said Notice of Removal of Action with this

28 / / /

                                          1
─────────────────────────────────────────────────────
        DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1 | Court, effects the removal of this action, and the above-captioned court may proceed no further unless

2 | and until the case is remanded.

3 | DATED: July 9, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

4 |

5 |                               By: _____

6 |                               Julie A. Vogelzang
                                  Lisa K. Widdecke

7 |                               Attorneys for Defendants COASTLINE FOOD
                                  SERVICES CORPORATION and FRANCES

8 |                               BLOOM, TRUSTEE BLOOM FAMILY TRUST
                                  U.D.T. DATED APRIL 20, 1998

9 | 101105264.1

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Julie A. Vogelzang, State Bar No. 174411
Lisa K. Widdecke, State Bar No. 213250
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendants COASTLINE FOOD SERVICES CORPORATION and FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED APRIL 20, 1998

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| LARRY MCIVER, | Case No. 37-2008-00054760-CU-CR-NC |
| Plaintiff, | The Hon. Robert P. Dahlquist<br>Dept. N-29 |
| v. | **DEFENDANTS' NOTICE TO PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT** |
| COASTLINE FOOD SERVICES CORPORATION, a California Corporation; FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED APRIL 20, 1998, and DOES 1 THROUGH 100, inclusive,, | Complaint Filed:     May 21, 2008<br>Trial Date:             None Set. |
| Defendants. | |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Southern District of California on July 9, 2008.

A copy of said Notice of Removal is attached to this Notice and is served and filed herewith.

DATED: July 9, 2008             LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Julie A. Vogelzang
Lisa K. Widdecke
Attorneys for Defendants COASTLINE FOOD SERVICES CORPORATION and FRANCES BLOOM, TRUSTEE BLOOM FAMILY TRUST U.D.T. DATED APRIL 20, 1998

1

DEFENDANTS' NOTICE TO PLAINTIFF OF REMOVAL OF ACTION TO FEDERAL COURT

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152818    — TC**

**July 09, 2008
14:43:06**

**Civ Fil Non—Pris**
USAO #.: 08CV1226
Judge..: BARRY T MOSKOWITZ
Amount.:                    $350.00 CK
Check#.: BC39910

**Total—> $350.00**

FROM: LARRY MCIVER
      VS
      COASTLINE FOOD SERVICES

Case 4:08-cv-01226-BTM-POR   Document 1   Filed 07/09/2008   Page 27 of 27

CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Larry Mciver

**DEFENDANTS**
Coastline Food Services Corporation and Frances Bloom, Trustee
Bloom Family Trust U.D.T. Dated April 20, 1998

FILED
08 JUL -9 PM 2: 40

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark D. Potter, Esq.
Russell C. Handy, Esq.
CENTER FOR DISABILITY ACCESS, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
Telephone: (760) 480-4170

Attorneys (If Known)
Julie A. Vogelzang, State Bar No. 174411
Lisa K. Widdecke, State Bar No. 213250
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 W. Broadway, Suite 2600
San Diego, CA 92101
(619) 236-1414

DEPUTY

08 CV 1226 BTM POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331 & 1441
Brief description of cause:
Violation of Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
July 9, 2008
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 152018   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___
SAC 7/9/08

American LegalNet, Inc.
www.FormsWorkflow.com